IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

Shawn P. Griffin,

    Plaintiff(s),

vs.   Case No.: 8:23-cv-00153

Merrick B. Garland, Attorney General

    Defendant(s).
_____/

# COMPLAINT

NOW COMES the Plaintiff, Shawn Griffin, by and through his undersigned attorney, who for his Complaint against Defendant, alleges as follows:

## Nature of Action

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, for discrimination on the basis of gender and race.

## Jurisdiction

2. Federal jurisdiction arises under federal question jurisdiction under 28 U.S.C. § 1331.

## Venue

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Middle District of Florida in that Plaintiff is a resident in this District, the Defendant is engaged in a business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## Parties

4. At all relevant times, the Plaintiff was a resident of Pinellas County, in the state of Florida.

5. At all relevant times, the Defendant employed Plaintiff as a Special Agent with the Drug Enforcement Agency at the Department of Justice.

6. Plaintiff is a White Male.

7. Plaintiff was hired during February of 2018.

8. While Plaintiff was attending Basic Agent Training Academy, Defendant originally stationed him in Bakersfield, California.

9. At some point, his assigned duty station changed from Bakersfield, California to Fresno, California in the San Francisco Field Division.

10. Plaintiff graduated from Basic Agent Training Academy in December of 2020.

11. Plaintiff held the position of Special Agent from December of 2020 until his resignation on May 14, 2021.

12. After graduating from the Basic Agent Training Academy, he remained in Tampa prior to reporting to station at Fresno, California.

13. While in Tampa, Plaintiff experienced significant personal upheaval.

14. Plaintiff's fiancé, the mother of his child, informed him that she was no longer going to relocate with Plaintiff to California and that she fully intended to remain in Tampa.

15. Plaintiff's fiancé, the mother of his child, communicated that she would be seeking full custody of their child, in which a custody dispute ensued, (the "Custody Dispute").

16. The Plaintiff informed his supervisor of the Custody Dispute.

17. Plaintiff's supervisor advised him to submit a hardship request, (the "Hardship Request").

18. The Plaintiff met with Special Agent Eunice Nebus who is a Spanish female.

19. Agent Nebus' Hardship Request was approved by the Career Board

20. Agent Nebus Hardship Request was based on a custody dispute with the father of her child while she was graduating from Basic Agent Training Academy.

21. Due to the similar circumstances, Agent Nebus provided Plaintiff with her Hardship Request and all documents she provided to Defendant, in an effort to assist Plaintiff in successfully crafting his own Hardship Request.

22. Agent Nebus' Hardship Request was submitted approximately one year prior to Plaintiff submitting his Hardship Request.

23. Notably, during the months that Agent Nebus waited for the Career Board's decision on her Hardship Request, the Defendant allowed her to remain in the Tampa District Office.

24. On March 5, 2021, Plaintiff filed his Hardship Request modeled after Agent Nebus', including the court documents reflecting his custody dispute and the upcoming custody hearing.

25. Plaintiff also filed a second request to remain in Tampa until the Career Board's decision was made, (the "Second Extension Request").

26. Unlike Agent Nebus, Plaintiff was forced to move to California since Plaintiff's Second Extension Request was denied.

27. Defendant's denial of Plaintiff's Second Extension Request meant that Plaintiff had to move to California to await the Career Board's decision.

28. Plaintiff went to Fresno, California in the hopes that his Hardship Request would be approved by the Career Board and that he would move back to Florida and continue as a Special Agent.

29. Plaintiff was notified by his first line supervisor that Plaintiff would not have to wait for the "official" date of the Career Board's meeting.

30. Plaintiff's first line supervisor stated that Plaintiff's Hardship Request was denied.

31. Plaintiff had to decide between keeping custody of his child or working for the Drug Enforcement Administration and losing custody his son.

32. Plaintiff submitted his two-week resignation.

33. Plaintiff then returned to Tampa, unemployed and with a child to support.

34. On June 20, 2021, Plaintiff contacted the EEO office and alleged a discriminatory denial of his Hardship Request.

35. On October 25, 2022, the Department of Justice submitted it's Final Order in agreement with the Administrative Judge's determination that Defendant did not discriminate against Plaintiff.

36. All conditions precedent to the filing of this Complaint have occurred, including the administrative investigation with the Equal Employment Opportunity Commission, EEOC No. 510-2022-00170X.

## COUNT I – Violation of Title VII of the Civil Rights Act of 1964, as amended (Discrimination)

37. Plaintiff incorporates and adopts paragraphs 1 through 36 as if set forth fully herein.

38. At all relevant times hereto, there was in effect Title VII of the Civil Rights Act of 1964, as amended, ("Title VII").

39. During his employment with Defendant, the Plaintiff was an "employee" as defined by Title VII.

40. During Plaintiff's employment, Defendant was an "employer" as that term is defined by Title VII.

41. Pursuant to Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of the employee's gender or race.

42. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of employment, either because of his race or gender, by treating Plaintiff differently in those terms, conditions, or privileges of employment than Agent Nebus' treatment by Defendant, as explained in paragraphs 1 through 36.

43. At all times relevant, Defendant's female employee, specifically Agent Nebus, was not subjected to the same terms, conditions, or privileges of employment as Plaintiff was, namely:

   a. Agent Nebus was permitted to remain in Tampa pending the Career Board's decision while Plaintiff was denied that term, condition, or privilege of employment, and

   b. Agent Nebus' Hardship Request, based on the same premises as Plaintiff, was approved while Plaintiff's was denied term, condition, or privilege of employment.

44. As a result of the discriminatory conduct of the Defendant, the Plaintiff has sustained the following and ongoing damages:

   a. Loss of wages, benefits, and income and ongoing;

   b. Humiliation, embarrassment, and emotional distress damages and ongoing;

    c. Attorneys' fees and costs for the prosecution of this action and ongoing;

    d. Prejudgment interest; and

    e. Other losses to be determined.

WHEREFORE, the Plaintiff, Shawn Griffin, prays for judgment against the Defendant, plus attorneys' fees and costs.

### Jury Demand

A Jury Trial is requested on all claims triable by a jury.

Respectfully submitted,

*/s/ Rebecca C. Strunk*_____
**Rebecca Strunk, Esquire**
Primary email: rstrunk@rywantalvarez.com
Florida Bar No.: 1031741
*Rywant, Alvarez, Jones, Russo & Guyton, P.A.*
302 Knights Run Avenue, Suite 1000
Tampa, FL  33602
(Tel) 813-229-7007 / (Fax) 813-223-6544
Attorney for Plaintiff, Shawn Griffin